# EXHIBIT A

RONALD P. ACKERMAN (SBN 159692)
ron@publicemployees.legal
OSHEA ORCHID (SBN 298375)
oshea@publicemployees.legal
PUBLIC EMPLOYEES LEGAL, LLP
3415 S. Sepulveda Blvd., Suite 660
Los Angeles, California 90034
T: (310) 649-5300

RAHUL SETHI (SBN 238405)
rahulsethi@sethiworks.com
SETHI LAW FIRM
5015 Eagle Rock Blvd., Suite 202
Los Angeles, CA 90041
T: (213) 254-2454

Attorneys for Plaintiff, TONY SPEED

**FILED**
Superior Court of California
County of Riverside
10/6/2021
M. Preciado
Electronically Filed

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| TONY SPEED,<br><br>　　Plaintiff,<br><br>vs.<br><br>CITY OF MORENO VALLEY, and DOES 1 through 10, Inclusive;<br><br>　　Defendants. | Case No.: **CVRI2104607**<br><br>**COMPLAINT**<br>1. HOSTILE WORK ENVIRONMENT<br>2. HARASSMENT<br>3. DISCRIMINATION<br>4. RETALIATION<br>5. FAILURE TO PROVIDE REASONABLE ACCOMMODATION<br>6. FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS<br>7. FAILURE TO PREVENT DISCRIMINATION AND RETALIATION<br>8. DECLRATORY RELIEF<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff TONY SPEED and alleges as follows:

**PRELIMINARY FACTS**

1. This Court is the proper court, and this action is properly filed in Riverside County, because Defendants' obligations and liability arise therein, and because Defendants

- 1 -

COMPLAINT

maintain their principal offices and transact business within Riverside County, and because the work that is the subject of this action was performed by Plaintiff in Riverside County.

2. Plaintiff TONY SPEED (hereinafter referred to as "Plaintiff" or "Speed"), at all times relevant to this action, resided in the State of California, County of Riverside.

3. Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant CITY OF MORENO VALLEY (hereinafter referred to as the "CITY") was a municipal entity organized and existing under the laws of the State of California.

4. At all times herein, the CITY was Plaintiff's employer within the meaning of the Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-100, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously-named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

6. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

7. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named as DOES 1-100, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled, and/or

coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Plaintiff is further informed and believes, and based thereupon alleges, that the Defendants, and each of them, including those Defendants named as DOES 1-100, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

8. Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

9. Plaintiff has exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing and receiving a right-to-sue on October 6, 2020.

## FACTUAL ALLEGATIONS

10. Speed was hired as a Traffic Signal Technician for the CITY on January 5, 2015.

11. Plaintiff is an African American male who has a disability.

12. On June 6, 2017, while installing pedestrian crossing beacons with his fellow employees, Speed overheard Transportation Senior Signal Technician Ron Matthews make a remark about "roots & Kunta Kente." Speed asked Matthews what he had said. Matthews replied he needed the jack hammer to get rid of roots, and then repeated the phrase, "Roots, Kunta Kente." The statement made Speed uncomfortable.

13. That same day, Speed was returning to the job site when he overheard Matthews say, "Look how many of them there [are]; there's so many Mexicans. They're everywhere; they call this place 'Morenexico'." Transportation Supervisor Scott Duncan and Traffic Signal Technician Terry Klaumanzer were present at the time, but none of these men saw that Speed could overhear the comments.

14. On June 20, 2017, Speed received an incident report for damaging the front passenger bin on a new City truck. While filling out the incident report, Duncan told Speed he

was going to write him up for not paying attention on the job, despite not being at the location when the incident took place. Duncan also told Speed he had "his head up his ass."

15.     On June 29, 2017, Duncan used the term "yessum" with a southern accent when talking to Speed. This was not the first instance in which Duncan had spoken to Speed in this manner.

16.     On August 1, 2017, the signal crew was tasked with cleaning up loose concrete. Duncan instructed Klaumanzer to stop digging and for Speed to dig instead. Speed began digging while Duncan sat in front of him and watched. Duncan would not let any of the other employees assist Speed.

17.     On August 5, 2017, Speed was working on fixing a traffic light and called Klaumanzer for help. Klaumanzer began talking through certain steps. Speed said he had already completed those steps, to which Klaumanzer responded angrily and said Speed had been acting differently lately.

18.     On or around August 11, 2017, Matthews called Speed's sister to tell her he had been in a motorcycle accident even though Speed was in no such accident. Speed reported the incident to Duncan, who never took any corrective action to prevent any harassment.

19.     From August 15, 2017 - August 23, 2017, Speed suffered harassment by Duncan based on his race. For example, Duncan falsely wrote Speed up for being a no-call and no-show to work on August 11, 2017. Human Resources later removed the write-up from Speed's file but this harassment was never explained.

20.     On August 17, 2017, Speed found a knife in his work mail box. Duncan, Matthews, and Sign and Striping Technician Brandon Miranda admitted to putting the knife in his work mail box. Speed was placed on administrative leave on August 23, 2017, while the City conducted an internal investigation.

21.     From September 12, 2017 to September 15, 2017, Speed was placed on bereavement leave due to the death of a family member.

22.     From November 16, 2017 through November 27, 2017, Speed took leave due to his disability. Human Resources Manager Kathleen Sanchez sent Speed several emails and calls

directing him to report to work even though he was on leave during this time. Speed was also notified that he would not be paid on November 22, 2017 for the bereavement leave he had taken in September 2017. The City did not engage in the interactive process to provide Speed a reasonable accommodation for his disability.

23. On December 21, 2017, Speed was placed on unpaid leave by Kaiser Permanente's Return to Work Program while on FMLA.

24. In or around December 2017, Speed filed a complaint with DFEH and the EEOC. In December 2018, the DFEH completed their investigation and Speed was issued a Right to Sue letter.

25. On January 4, 2018, Speed was terminated by the CITY for being absent without leave on December 19, 2017 through December 25, 2017.

26. Due to errors in the investigative process, Speed appealed the DFEH's decision in October, 2019. Another investigation was launched and concluded on October 6, 2020. Speed was issue a Right to Sue Letter, attached as Exhibit 1.

27. At no point has Defendant been willing to engage in a good-faith interactive process. Defendant has not permitted Plaintiff to return to work, effectively ending his career with the CITY.

28. Defendant' refusal to allow Plaintiff to return to work is discrimination because of his disabilities/perceived disabilities, and in retaliation for his protected activities.

29. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, as well as medical expenses, and past and future lost wages and benefits.

30. As a result of the above, Plaintiff is entitled to past and future lost wages, and benefits.

31. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION
HOSTILE WORK ENVIRONMENT
(Against All Defendants)

32. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

33. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

34. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

35. Plaintiff was subject to harassing conduct because of his race and/or color. The harassing conduct was severe or pervasive. A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive or abusive. Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive or abusive. Defendant knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

36. Plaintiff was a member of a protected class as an African American individual with disabilities who was also perceived as being disabled.

37. At all times relevant hereto, Plaintiff was performing competently in the position he held with Defendants.

38. Plaintiff is informed and believes that his race and disabilities/perceived disabilities were a substantial motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

39. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

40. The damage allegations of Paragraphs 29 through 31, inclusive, are herein incorporated by reference.

41. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SECOND CAUSE OF ACTION**
HARASSMENT
(Against All Defendants)

42. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

43. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

44. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

45. Plaintiff is informed and believes, and thereon alleges that he was harassed in the terms and conditions of her employment and/or was subjected to a workplace environment permeated with harassment, as outlined above, on the basis of race and disability/perceived disability as set forth herein, in violation of the FEHA. Additionally, Plaintiff's work environment permeated with intimidation, hostility, and harassment towards numerous District employees and students on the basis of race.

46. The above conduct was so severe and/or pervasive it caused Plaintiff to perceive his work environment as an intimidating, hostile, and/or offensive work environment, which interfered with Plaintiff's ability to perform his job duties, and a reasonable person in Plaintiff's position would perceive the work environment as hostile.

47. Plaintiff was a member of a protected class as an African American individual with disabilities who was also perceived as being disabled.

48. At all times relevant hereto, Plaintiff was performing competently in the position he held with Defendants.

49. Plaintiff suffered the adverse employment actions of denial of accommodation, refusal to engage in the interactive process, failure to prevent discrimination and retaliation, forced leave of absence, and refusal to permit Plaintiff to work, and was harmed thereby.

50. Plaintiff is informed and believes that his race and disabilities/perceived disabilities were a substantial motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

51. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

52. The damage allegations of Paragraphs 29 through 31, inclusive, are herein incorporated by reference.

53. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION
### DISCRIMINATION
(Against All Defendants)

54. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

55. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

56. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

57. FEHA requires Defendants to refrain from discriminating against an employee on the basis of race and disabilities/perceived disabilities, and to prevent discrimination on the basis of race and disabilities/perceived disabilities from occurring.

58. Plaintiff was a member of a protected class as an African American individual with disabilities who was also perceived as being disabled.

59. At all times relevant hereto, Plaintiff was performing competently in the position he held with Defendants.

60. Plaintiff suffered the adverse employment actions of denial of accommodation, refusal to engage in the interactive process, failure to prevent discrimination and retaliation, forced leave of absence, and refusal to permit Plaintiff to work, and was harmed thereby.

- 8 -

COMPLAINT

61. Plaintiff is informed and believes that his race and disabilities/perceived disabilities were a substantial motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

62. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

63. The damage allegations of Paragraphs 29 through 31, inclusive, are herein incorporated by reference.

64. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FOURTH CAUSE OF ACTION
RETALIATION
(Against All Defendants)

65. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

66. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

67. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

68. Plaintiff engaged in the protected activities of requesting accommodations, taking medical leave, and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon his race and disabilities/perceived disabilities.

69. Plaintiff suffered the adverse employment actions of denial of accommodation, refusal to engage in the interactive process, failure to prevent discrimination and retaliation, forced leave of absence, and refusal to permit Plaintiff to work, and was harmed thereby.

70. Plaintiff is informed and believes that his race and disabilities/perceived disabilities were a substantial motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

71.     Plaintiff is informed and believes that his engagement in the aforementioned protected activities were substantial motivating reasons and/or factors in the decisions to subject him to the aforementioned adverse employment actions.

72.     Defendants violated the FEHA by retaliating against Plaintiff for exercising or attempting to exercise his protected rights, as set forth hereinabove.

73.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

74.     The damage allegations of Paragraphs 29 through 31, inclusive, are herein incorporated by reference.

75.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FIFTH CAUSE OF ACTION
FAILURE TO PROVIDE REASONABLE ACCOMODATION
(Against All Defendants)

76.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

77.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to make reasonable accommodation for the known disability of an employee.

78.     At all relevant times, Plaintiff was a member of a protected class within the meaning of particular Government Code §§12940(a) & 12986(1) et seq. because he had disabilities that affected his major life activities, of which Defendants had both actual and constructive knowledge.

79.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which he was employed, or could have performed the duties and functions of that position with reasonable accommodations.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's

- 10 -
COMPLAINT

disability or his disability as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or disability as it was perceived by Defendants would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff and failed to engage in the interactive process with Plaintiff.

80. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

81. The damage allegations of Paragraphs 29 through 31, inclusive, are herein incorporated by reference.

82. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### THIRD CAUSE OF ACTION
FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
(Against All Defendants)

83. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

84. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known disability or known medical condition.

85. At all relevant times, Plaintiff was a member of a protected class within the meaning of particular Government Code §§12940(a) & 12986(1) et seq. because he had disabilities that affected his major life activities, of which Defendants had both actual and constructive knowledge.

86. Plaintiff reported his disabilities to Defendants, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.

87. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

88. The damage allegations of Paragraphs 29 through 31, inclusive, are herein incorporated by reference.

89. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### SEVENTH CAUSE OF ACTION
FAILURE TO PREVENT DISCRIMINATION AND RETALIATION
(Against All Defendants)

90. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

91. At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

92. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

93. The damage allegations of Paragraphs 29 through 31, inclusive, are herein incorporated by reference.

94. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### EIGHTH CAUSE OF ACTION
DECLARATORY RELIEF
(Against All Defendants)

95. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

96. Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.
>
> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.
>
> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.
>
> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.
>
> This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

97. Government Code §12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

98. Moreover, Government Code §12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

99. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate or retaliate against Plaintiff; that Plaintiff was not subjected to adverse employment actions as a result of his disabilities/perceived disabilities, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against him on the basis of his disabilities/perceived disabilities, engagement in protected activities, and/or some combination of these protected characteristics; and that he was discriminated and retaliated against and subjected to adverse employment actions as a result of some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

100. Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of his rights and duties, and a declaration that his disabilities/perceived disabilities, engagement in protected activity, and/or some combination of these protected characteristics were substantial motivating factors in the decisions to subject him to the aforementioned adverse employment actions.

101. Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of his rights and duties, and a declaration that Defendants failed to accommodate Plaintiff's disabilities/perceived disabilities.

102. Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of his rights and duties, and a declaration that Defendants failed to engage in a good-faith interactive process with Plaintiff.

103. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for himself and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

104. A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

105. Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination and harassment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages and interest, in an amount to be proven at trial.
2. For statutory attorneys' fees and costs.
3. For declaratory relief.
4. For injunctive relief.
5. Any other relief or damages allowed by law, or statutes not set out above and such further relief as the Court deems just and proper at conclusion of trial.

### DEMAND FOR JURY TRIAL

Plaintiff TONY SPEED hereby demands trial by jury.

Dated: October 6, 2021              PUBLIC EMPLOYES LEGAL, LLP
                                    SETHI LAW FIRM


                                    By __*Rahul Sethi*_____
                                       Ronald P. Ackerman
                                       Oshea Orchid
                                       Rahul Sethi

                                    Attorneys for Plaintiff, TONY SPEED

- 15 -

COMPLAINT